UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X

VERONICA DOUGLAS,                                          CIVIL ACTION NO. **17CV6283**
                                                                            (KPF)

                                 Plaintiff,
on behalf of herself and all others similarly situated,    **FIRST AMENDED**
                                                           **COLLECTIVE ACTION**
                    -against-                              **COMPLAINT**

NEW YORK HEALTH CARE, INC.,

                                 Defendant.
---------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiff, on behalf of herself and all others similarly situated, as and for an amended collective action complaint against Defendant, alleges as follows:


**NATURE OF THE ACTION**

1. Plaintiff brings this collective action on behalf of similarly situated home attendant and/or home health aides (the "Collective"), to seek redress for systematic underpayment of minimum and overtime wages against Defendant, who is a provider of home health care for the elderly and infirm who qualify for government assistance in and around the City of New York and its metropolitan area.


2. Defendant, by failing to pay Plaintiff, and the Collective the federal and state mandated minimum wage rate for work performed and failing to pay the federally and state mandated overtime wage, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq* and the New York Labor Law ("NYLL") §§ 650 *et seq.*


3. Plaintiff brings this action on behalf of herself and all similarly situated current and former home attendants and/or home health aides of Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA which deprived Plaintiff and others similarly situated of their lawful minimum and overtime wages.


Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

4. Plaintiff also brings this action on behalf of herself only for unpaid minimum and overtime wages pursuant to NYLL §§ 650 *et seq* and implementing regulations.

5. Plaintiff hereby seeks legal and declaratory relief against Defendant pursuant to federal and New York statutes.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) as Defendant resides, conducts business and employed Plaintiff in this judicial district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff is an adult individual who, at all times relevant to this Complaint, has been a resident citizen of the state and City of New York.

10. At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 651.

11. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA and NYLL.

12. Defendant New York Health Care, Inc. ("NYHCI") is a domestic not for profit corporation doing business within the City of and State of New York that maintains its principal place of business at 33 West Hawthorne Avenue, 3rd Floor, Valley Stream, NY 11580.  NYHCI provides

home care services to elderly and/or frail individuals throughout metropolitan New York City and surrounding areas.

13. Defendant was at all times herein relevant an enterprise engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00 and Plaintiff and others worked for Defendant in interstate commerce using the mails and wires, *inter alia*.

**STATEMENT OF FACTS**

14. Defendant at all relevant times herein employed Plaintiff as a home attendant and/or home health aide to work in and around New York City providing personal home health care and assistance to Defendant's disabled and elderly clients.

15. Plaintiff worked for Defendant from November 2015 through December 2016 in the residences of Defendant's clients throughout the metropolitan area.  Plaintiff at all times maintained her own separate residence at which she lived.

16. The job duties of Plaintiff and the Collective included, but were not limited to the following: personal care services, such as assistance with walking, bathing, dressing, personal grooming, meal preparation, feeding and toileting; heavy and light cleaning, such as vacuuming, mopping, dusting, cleaning windows, cleaning bathrooms, doing laundry and taking out garbage; shopping; running errands; escorting clients; and taking care of household visitors and pets.

17. While employed by Defendant, Plaintiff and the Collective regularly spent 25% or more of their time performing general household work and work unrelated to the assigned clients. This included, as described above, heavy cleaning tasks such as vacuuming, mopping, dusting, cleaning windows, appliance cleaning, cleaning living areas, bathrooms, hallways and common areas; and taking out garbage and cooking for and cleaning for client relatives, pets and guests.

18. Further, as certified personnel, Plaintiff was trained personnel providing medically related services as defined in 29 C.F.R. § 552.6.

19. Defendant had the right to control, and in fact did control, the hours, hourly pay, assignments, and schedule of Plaintiff and the Collective. Plaintiff and the Collective were paid on a W-2 basis and evaluated by Defendant.

20. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

21. Plaintiff and the Collective worked twelve (12) and/or twenty-four (24) hour shifts for Defendant and at all times herein relevant Defendant required Plaintiff and the Collective to attend to and monitor their assigned clients throughout the duration of their respective work shifts; and controlled the manner in which Plaintiff did so in terms of frequency, priority and documentation, *inter alia*.

22. Defendant at all times monitored Plaintiff's and the Collective's compliance with Defendant's guidelines, procedures and policies to ensure compliance therewith in the discharge of Plaintiff's job duties.

23. While working 24-hour shifts, Defendant required Plaintiff to stay overnight at the residences of Defendant's clients and monitor and attend to them throughout the shift. These shifts were known as "live in" or "sleep in."

24. While employed by Defendant, Plaintiff and the Collective regularly worked between 48 to 120 hours per week and on occasion more, on information and belief.  During said time, Defendant prohibited Plaintiff from leaving the assigned client(s) and required Plaintiff to constantly attend to the client(s).

25. Defendant paid home attendants and/or home health aides who worked regular hourly or split shifts $10/hour for weekdays and $11.25/hour for weekends.

26. Defendant paid home attendants and/or home health aides who worked sleep-in shifts $140.00 per shift.

27. At the beginning and end of each of Plaintiff's work shifts, Defendant required her to place a telephone call to the latter's automated time keeping system to record their hours.  Defendant at all times did not pay Plaintiff for all recorded time and/or hours worked.

28. Defendant at all times herein relevant failed to make and keep contemporaneous records of all of Plaintiff's work hours, including but not limited to alleged sleep and meal periods, in violation of 29 U.S.C. § 211(c) and Labor Law § 196-a.

29. Throughout their respective tenures, Plaintiff rarely if ever received uninterrupted, continuous and completely relieved of duty sleeping and meal periods because she assisted, monitored, rotated, toileted and responded to her assigned clients throughout her shifts, including during alleged sleeping and meal periods.

30. At all relevant times, when Plaintiff worked sleep-in shifts, Defendant automatically deducted from Plaintiff's wages eight (8) hours per day for alleged sleep time and three (3) hours per day for alleged meal periods, without regard to whether Plaintiff in fact worked through said time periods.

31. At all relevant times, as a result of the foregoing, Defendant often paid Plaintiff at rates well below the minimum wage, in violation of the FLSA and NYLL.

32. At all relevant times, Defendant failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) per week, in violation of the overtime provisions of the FLSA and NYLL.

33. Defendant's recordkeeping practices violated the FLSA and NYLL and the burden should shift to Defendant to prove they paid fully all home attendants and/or home health aides the minimum wage and overtime.

34. For example, during the weeks of 12/12/15-12/18/15, 12/19/15-12/24/15, 4/2/16-4/8/16 and 5/28/16-6/3/16, Plaintiff worked four (4) 24 hour shifts from Monday 8:00 am through Thursday 8:00 am.  Plaintiff got about four (4) hours of sleep per night and one hour per day for her meals,

which means Plaintiff worked 76 hours each of those weeks.  Defendant paid Plaintiff $560.00 for each of those weeks, without premium pay after 40 hours. (Exhibit 1).

35. As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL including but not limited to:

A. Failing to pay Plaintiff and the Collective the minimum wage for all hours worked in each discrete work week; and

B. Failing to pay Plaintiff and the Collective one and one half times their regular rates of pay (or minimum wage) for all hours worked in excess of forty (40) per week.

36. Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

37. Defendant's unlawful conduct has been widespread, repeated and consistent even after litigation on the exact same issue; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

38. Throughout Plaintiff's tenure, Defendant provided Plaintiff with pay statements with each payment of wages that did not include the number of hours actually worked, hourly and overtime pay rates, *inter alia*.

**COLLECTIVE ALLEGATIONS**

39. Plaintiff brings the FLSA claims on behalf of herself and all similarly situated persons who worked for Defendant as home attendants and/or home health aides, and who worked twenty-four (24) hour shifts, or greater than forty (40) hours per week, at any time since October 2011 ("FLSA Collective").

40. Defendant is liable under the FLSA for failing to properly pay the minimum wage for all hours worked and overtime wages for all hours worked greater than forty (40) per week.  As such, notice should be sent to the FLSA Collective.

41. There are numerous similarly situated current and former employees of Defendant who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join.

**FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE (29 U.S.C. §§ 206, 216)**
**(On Behalf of Plaintiff and Collective Members)**

42. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

43. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

44. Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

45. At all times relevant to this action, Plaintiff and the Collective were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

46. At all times relevant to this action, Plaintiff and the Collective were engaged in commerce and Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

47. Defendant violated the rights of Plaintiff and the Collective by failing to pay them the minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C. § 206(a)(1).

48. Defendant's failure to pay Plaintiff and the Collective the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255.

49. Defendant is liable to Plaintiff and the Collective who opt in to this action for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION: FLSA OVERTIME (29 U.S.C. §§ 207, 216)**

**(On Behalf of Plaintiff and Collective Members)**

50. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

51. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

52. Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

53. At all times relevant to this action, Plaintiff and the Collective were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

54. At all times relevant to this action, Plaintiff and the Collective were engaged in commerce and Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

55. Defendant violated the rights of Plaintiff and the Collective by failing to pay overtime compensation at a rate not less than one and one-half times the regular rates of pay for each hour worked in excess of forty (40) per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

56. Defendant's failure to pay Plaintiff and the Collective overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

57. Defendant is liable to Plaintiff and the Collective who opt in to this action for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION: NY MINIMUM WAGE** (Labor Law §§ 652, 663)

**(On Behalf of Plaintiff Only)**

58. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

59. At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of NYLL § 651(5).

60. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of NYLL § 651(6).

61. At all times relevant to this action, Defendant failed to pay Plaintiff the minimum wage for all hours worked in violation of NYLL § 652 and 12 N.Y.C.R.R. §§ 142-3.1 and 3.4.

62. Defendant willfully violated the rights of Plaintiff by failing to pay wages due and owing for work performed in violation of NYLL.

63. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant her unpaid minimum wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**FOURTH CAUSE OF ACTION: NY OVERTIME WAGES** (Labor Law §§ 652, 663)

**(On Behalf of Plaintiff Only)**

64. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

65. At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of NYLL § 651(5).

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

66. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of NYLL § 651(6).

67. At all times relevant to this action, Defendant failed to pay Plaintiff overtime wages for all hours worked greater than forty (40) per week in violation of NYLL § 652 and 12 N.Y.C.R.R. §§ 142-3.2.

68. Defendant willfully violated the rights of Plaintiff by failing to pay overtime wages due and owing for work performed in violation of NYLL.

69. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant her unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**FIFTH CAUSE OF ACTION: NY WAGE THEFT** (Labor Law §§ 195, 198)
**(On Behalf of Plaintiff Only)**
70. Plaintiff repeats the foregoing paragraphs in their entirety.

71. Defendant failed to provide Plaintiff with wage statements with each wage payment that contained all required information, such as hourly and overtime pay rates, hours worked, overtime hours worked, etc.

72. As a result of the foregoing, Defendant violated NYLL §§ 195(3) and Plaintiff is entitled to recover civil penalties and record-keeping violation liability from Defendant for the duration of said violations.

73. By reason of the aforesaid statutory violation, Defendant is liable to Plaintiff.

74. Defendant willfully violated the rights of Plaintiff by the aforementioned course of action.

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be permitted to give notice of this collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and/or overtime wages;

B. An award of unpaid minimum wages, overtime, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 216 and New York Labor Law § 663;

C. An award of liquidated damages pursuant to 29 U.S.C. § 216 and NYLL § 663;

D. Certification of this case as a collective action pursuant to 29 U.S.C. § 216;

E. Designation of Plaintiff as representative of the Collective, and counsel of record as Collective Counsel; and

F. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

**DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact.

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

Dated:  Brooklyn, New York

August 28, 2017

_____/s/_____
LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq. (DW-6964)
*Attorneys for Plaintiff*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.